WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stevan Reveles,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-1024-PHX-DKD<br><br>**ORDER** |

Stevan Reveles, in his capacity as substitute party, appeals from the Commissioner's denial of Lucile Reveles' claim for Title II disability benefits.[1] (Doc. 1) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). (Doc. 16) Because the Court concludes that the ALJ's decision contains harmful errors, and that further proceedings are not useful or necessary, the Court remands for benefits.

**Factual and Procedural History**

Lucile Reveles first applied for disability benefits in September 2009, alleging an onset date of September 2006. (Tr. 113) At the time of her hearing in April 2011, the administrative record contained her treatment records through February 2010. (Tr. 43, 118) In June 2011, the ALJ issued a decision denying Reveles benefits ("First Decision"). As relevant here, the First Decision concluded that Reveles' fibromyalgia,

---

[1] This Order will refer to Stevan and Lucile Reveles as "Reveles."

tendonitis of the knees, insulin dependent diabetes, asthma, and obesity were severe but that she was capable of performing less than the full range of light work. (Tr. 115-16) The First Decision found that Reveles had been treated for "possible sarcoidosis" and categorized it as nonsevere. (Tr. 116)

In 2012, Reveles again filed Title II and Title XVI applications with an alleged onset date of October 1, 2011 ("Second Application").[2] (Tr. 21, 102, 395-408, 421) To obtain benefits from her Second Application, Reveles had to rebut a presumption of continuing non-disability and to establish "changed circumstances" pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and the Commissioner's Acquiescence Ruling 97-4(9). Moreover, because Reveles' Title II benefits ended on December 31, 2011, her Title II benefits depended on her showing that she was disabled between October 1 and December 31, 2011 ("Relevant Period"). (Tr. 23, 102, 421)

Lucile Reveles died on May 26, 2015. Her Certificate of Death listed her immediate cause of death as encephalopathy and listed secondary causes as respiratory failure, sepsis, and diabetes. (Tr. 416) As relevant here, her death extinguished her Title XVI claim and left only her Title II claim to be pursued by her son's father, Stevan Reveles.

<u>Medical Records from the Relevant Period</u>. During the Relevant Period, Reveles was hospitalized twice. First, Reveles was admitted at Banner Thunderbird Medical Center on September 29, 2011. In other words, she was hospitalized at the start of the Relevant Period. (Tr. 10222-247, 10592-670) When she was discharged on October 2, 2011, her primary diagnoses were listed as "(1) abdominal pain; (2) history of sarcoidosis, diabetes mellitus, chronic pain; (3) narcotic dependency. (Tr. 10225)

She was again admitted at Banner Thunderbird Medical Center on October 28, 2011. (Tr. 10450-474) She was discharged on November 2, 2011, and her primary diagnoses were "(1) shortness of breath, multifactorial, likely secondary to a combination

---

[2] The Court notes that the ALJ's decision states Reveles' onset date was November 1, 2007. (Tr. 21) Reveles, through counsel, subsequently amended the onset date to October 1, 2011. (Tr. 421)

of pulmonary hypertension and sarcoid [and] (2) chest pain, atypical" and her secondary diagnoses were "(1) sarcoid, history of; (2) diabetes mellitus, poorly controlled, exacerbated by steroids; (3) anemia; (4) recurrent fevers of unclear etiology; (5) chronic back pain; (6) asthma; (7) migraine headaches." (Tr. 10452).

Reveles was an established patient of Shashi J. Goel, M.D., before the Relevant Period. Between and after her Relevant Period hospitalizations, Reveles had six appointments for on-going pain and follow-up with Dr. Goel. (Tr. 2309-15) In February 2015, Dr. Goel wrote a letter that stated, "Lucile was under my care for many years. She had multiple medical problems. She was totally disabled and unable to work during 2010 and 2011." (Tr. 10474) In January 2016, Dr. Goel wrote a letter that stated:

> Lucile Reveles was my patient for several years. She has [sic] multiple medical diagnoses including sarcoidosis, diabetes mellitus with diabetic neuropathy, renal insufficiency and chronic pain. During the time I treated her, she was in a lot of pain. She required numerous hospitalizations due to her medical conditions.
>
> Due to her many medical problems and constant hospitalizations, I believe that she was totally disabled and not able to work the entire time she was under my care.

(Tr. 10874)

Reveles received regular treatment with Valley Arthritis Care. (Tr. 1113-65) During the Relevant Period, Reveles had one appointment where she was assessed with hypertension; respiratory disorder sarcoidosis; diabetes mellitus; longstanding inflammatory arthropathy, suspected sarcoid arthropathy; and osteoarthritis. (Tr. 1129-30)

During the Relevant Period, Reveles saw her pain management provider monthly and all three medical records indicate a diagnosis of depression. (Tr. 1035, 1041, 1044)

State Agency Review. When reviewing her Second Application in 2013, the State agency reviewing physicians concluded that Reveles' sarcoidosis and back impairments were severe. They found a *Chavez* "changed circumstance" during the Relevant Period because of her worsening condition, because medical records that were not reviewed in

the First Decision showed a diagnosis of sarcoid arthropathy, and because depression was a newly diagnosed impairment. (Tr. 138)

ALJ Hearings. A hearing, set for May 2015, was continued to September 2015 because of Reveles' death. (Tr. 417, 42) At the September 2015 hearing, an orthopedic medical expert was available to testify but the ALJ dismissed him without any testimony. (Tr. 82, 87) At the end of the hearing, the ALJ held the record open for missing medical records.[3] Subsequently, Reveles requested a supplemental hearing with a medical expert. (Tr. 102-07, 667) This hearing occurred in January 2016, but no medical experts were scheduled to testify. (Tr. 102-07)

In February 2016, the ALJ issued decision that found Reveles had not shown "a changed circumstance material to the determination of disability and the presumption of continuing nondisability has not been rebutted." (Tr. 21) The ALJ's decision cited to only two medical records during the Relevant Period and afforded "little weight" to Dr. Goel's opinion. (Tr. 26-27, 29)

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is sufficient evidence to support the

---

[3] It appears that the ALJ also offered to find Reveles' disability started on a date after the Relevant Period. Reveles declined. (Tr. 667)

- 4 -

ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). The Court must do more than merely rubber stamp the ALJ's decision. *Winans v. Bowen*, 853 F.2d 643, 645 (9th Cir. 1988). However, where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Magallanes*, 881 F.2d at 750.

**Analysis**

On appeal, Reveles argues that she did rebut the *Chavez* presumption by demonstrating "changed circumstances," that the ALJ should have called a relevant medical expert, and the ALJ should have reviewed most of her medical records from the Relevant Period. (Docs. 17, 19) The Court agrees.

<u>Changed Circumstances</u>. As noted above, the State agency's reviewing physicians found that Reveles had rebutted the *Chavez* presumption. The ALJ's decision rejected the opinion of the State agency's reviewing physicians because "their noted limitations are just not reasonably supported by the available evidence of record, which show noncompliance." (Tr. 30) This alleged noncompliance is not explained in the ALJ's decision. The only noncompliance referred to in the ALJ's decision was Reveles' inability to manage her insulin-dependent diabetes in September 2012 and June 2013, both after the Relevant Period. (Tr. 27, 29) Moreover, the Court notes that the record is replete with evidence that Reveles' chronic steroid prescriptions were related to her diabetes and Stevan Reveles testified that Reveles could not afford her medications. (Tr. 58, 91, 1134, 10479, 10482, 10483) Not only were the ALJ's citations to records well after the Relevant Period, this kind of cherry-picking is impermissible. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

<u>Medical Expert</u>. At the September 2015 hearing, a medical expert in orthopedics was available to testify but did not. (Tr. 82, 87) Reveles' counsel requested a testifying

medical expert at the January 2016 supplemental hearing. (Tr. 667) None appeared and counsel requested that the hearing be continued to obtain testimony from a medical expert in endocrinology. (Tr. 104) After some conversation, the ALJ stated, "we won't need the medical expert this morning, and I don't really need a medical expert with the field of diabetes. I can read the records as well." (Tr. 105)

Reveles argues that the ALJ's failure to obtain a medical expert constituted legal error under Social Security's program policy statements and rules and under Ninth Circuit precedent. (Doc. 17 at 17-18; Doc. 19 at 7-8) The Court agrees. *See generally*, *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017).

<u>Relevant Period Medical Records</u>. The ALJ decision states that "[t]he treatment records reveal [Reveles] received routine, conservative and non-emergency treatment since the alleged onset date. The undersigned had read and considered all the medical evidence in the record." (Tr. 26) This characterization of the record is so incorrect that it calls into question the ALJ's assertion that he read and considered all of the medical evidence. As noted above, during the three months of the Relevant Period, Reveles was hospitalized twice for a total of six days for illnesses related to her disability claim, saw her primary care provider six times for on-going management, saw her pain management doctor three times, and saw her arthritis specialist once. None of these records are referenced in the ALJ's decision. Moreover, these diagnoses from these various providers are consistent with each other and consistent with her stated secondary causes of death.

Instead of acknowledging these records, the ALJ decision references just two medical records during the Relevant Period and describes irrelevant portions of them: the non-pain related aspects of one of her monthly appointment with her pain management provider and a MRI of her lumbar spine. (Tr. 26-27 *citing* Tr. 1045, 1094) This does not constitute substantial evidence.

<u>Treating Physician</u>. The Court notes that the ALJ's decision afforded "little weight" to the February 2015 opinion of Reveles' primary care physician, Dr. Goel,

because it was "not supported by objective evidence and it [wa]s inconsistent with the record as a whole." (Tr. 29) The decision did not address the January 2016 opinion from Dr. Goel. (Tr. 10874)

Dr. Goel's views were entitled to great deference and to reject Dr. Goel's opinion, the ALJ's decision needed to provide findings that were supported by clear and convincing reasons based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ did not do so. Instead, the ALJ stated that Dr. Goel opined on an issue reserved to the Commissioner and had not "provided objective clinical or diagnostic findings to support the functional assessment." (Tr. 29) Next, the ALJ stated that Dr. Goel's conclusion of disability was inconsistent with Reveles' admitted activities of daily living and inconsistent with the medical record "which show[ed] mostly stable findings when she was compliant with medication." (Tr. 29) This kind of brief summary, without more, does not constitute the substantial evidence necessary to reject Dr. Goel's opinion. *Reddick*, 157 F.3d at 726. Moreover, the Court notes that the ALJ's failure to address Dr. Goel's second, consistent opinion was error. *See Diedrich v. Berryhill*, 874 F.3d 634, 638-40 (9th Cir. 2017) (ALJ should have heard testimony from medical advisor).

## Remand

The decision to remand a case for additional evidence or for an award of benefits is within the discretion of this court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The court can remand a case with instructions to award benefits when

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, all three parts of this test have been met. First, the record was fully developed for the fixed time period at issue and further administrative proceedings would impermissibly allow the "ALJ to have a mulligan." *Id.* at 1021. Second, as described above, the ALJ did not provide a sufficient

explanation for failing to review the medical records from the Relevant Period, for rejecting the opinion of State agency's reviewing physician, and for rejecting the opinion of Reveles' treating physician. Finally, if the ALJ had provided great weight to the opinion of the agency's reviewing physician and had incorporated the information contained in the records from the Relevant Period, the ALJ would have found that Reveles was disabled.

## Professionalism

The Court notes that the hearing transcripts in this matter show that ALJ Michael D. Tucevich repeatedly failed to treat Reveles' counsel with the courtesy and respect that the Court would have expected from a person holding the title judge. (Tr. 82-107) If ALJ Tucevich was a judge subject to oversight by a judicial conduct commission or an active member of a state bar, the Court would refer this matter for further proceedings to the relevant oversight authority. Instead, the Court will direct the Clerk of the Court to send a copy of this Order to the Chief ALJ for her review and any appropriate action.

**IT IS THEREFORE ORDERED** that Stevan Reveles' claim on behalf of Lucile Reveles for disability is remanded to the Commissioner of the Social Security Administration for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of this Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to Judge Jennifer Horne, Regional Chief Administrative Law Judge, SSA Region IX, 555 Battery Street, 5th Floor, San Francisco, CA 94111.

Dated this 9th day of January, 2018.

_____
David K. Duncan
United States Magistrate Judge